70803. COLEY v. THE STATE.
(336 SE2d 347)

SOGNIER, Judge.

Appellant was convicted of aggravated assault and rape and appeals.

1. Appellant contends the trial court erred by denying his motion

for a directed verdict of acquittal on the charge of rape. The evidence disclosed that about 2:00 or 2:30 a.m. the victim was working alone in a small office in a convenience store. She heard someone enter the store and started out of the office. As she reached the door appellant shoved her back into the office and closed the door behind him. Appellant started hitting the victim on both sides of her face, and told her "to shut my damn mouth and take my damn clothes off." After being struck four or five times the victim blacked out and the next thing she remembered was being in the hospital.

Shortly after appellant entered the store two men arrived to buy a magazine. As they were approaching the door appellant came out, got on a bicycle and rode away. The men entered the store and while looking at magazines heard a noise in the back of the store. The victim then staggered from the back part of the store, mumbling incoherently. She was nude from the waist up and her jeans and panties were partially pulled down. Blood was on her face, which had been beaten badly, and as she attempted to go outside she fell and was caught by one of the men. One man went for the police, and described appellant and the bicycle to them; an ambulance was called and the victim was taken to the hospital. The bicycle was found the same night and appellant was arrested a day or two later.

Dr. Richard Broadwell examined and treated the victim about 3:00 a.m. the night of the incident, and testified that she was in "a trance like shock state." The victim had been beaten around the head and face, had many bruises on her face and had a one-inch laceration on her face which required four stitches to close. Seminal fluid was found both inside and outside her vagina, indicating that she had had sexual intercourse within a few hours before the examination.

The victim positively identified appellant as the person who attacked her, and one of the two men who found the victim positively identified appellant as the person who came out of the convenience store and rode away on a bicycle. The second man was 80 percent sure that appellant was the man he saw, and both men identified the bicycle appellant was riding. Appellant denied committing the rape and assault, testifying that he was not in the convenience store and had been at home from about 11:30 p.m. through the rest of the night. His stepfather and mother also testified that appellant came home about 11:30 p.m. and was there the rest of the night.

Appellant argues that evidence of the rape is circumstantial and does not exclude every reasonable hypothesis save that of his guilt. He also argues that there was no evidence of penetration, an essential element of the offense of rape. We do not agree.

Appellant was identified positively as the person who assaulted the victim, and the person who departed the convenience store around the time the rape occurred. He was the only person in the

store when the victim was attacked. The fact that appellant beat the victim and ordered her to take off her clothes; that the victim was partially disrobed when discovered; and that a medical examination disclosed that the victim had had sexual intercourse a few hours previously is strong circumstantial evidence indicating that the victim was raped and that penetration occurred. Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury. *Bowen v. State*, 173 Ga. App. 361 (1) (326 SE2d 525) (1985). If a jury is authorized to find that the evidence, though circumstantial, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict will not be disturbed by an appellate court unless the verdict is insupportable as a matter of law. *Dowdy v. State*, 150 Ga. App. 137, 139 (257 SE2d 41) (1979); *Bowen*, supra. The verdict in the instant case is not insupportable as a matter of law and the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal of the charge of rape. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant contends that if his conviction for rape is upheld, his conviction for aggravated assault must be set aside, as a person may not be convicted of both assault and the completed crime of rape. We do not agree.

The evidence shows that the victim was beaten so severely about her face and head that she lost consciousness. When she was discovered she was like a person who was delirious, and she passed out again as she was trying to stagger out the door. The side of her face had been beaten very badly and blood was all down the side of her. When examined by a doctor the victim was in a "trance like shock state," and had many bruises on her face and a laceration on her cheek which required suturing.

The jury was authorized to find from such evidence that appellant had an intent to murder the victim, as fists can be deadly weapons when used in a certain manner, *Harper v. State*, 152 Ga. App. 689, 691 (2) (263 SE2d 547) (1979), and the bodily injury alleged in the kidnapping charge was striking the victim in the face with fists. Thus, the jury was authorized to conclude that a portion of the violence was gratuitous and unconnected with the rape. *Coaxum v. State*, 146 Ga. App. 370, 371 (3) (246 SE2d 403) (1978); *Sylvester v. State*, 168 Ga. App. 718 (2) (310 SE2d 284) (1983). Accordingly, appellant's contention that the aggravated assault merged with the rape is without merit.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

*Jack E. Carney, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.