A90A2054. SMITH v. THE STATE.
(402 SE2d 738)

CARLEY, Judge.
After being arraigned, appellant was reindicted and rearraigned. He then filed a special demurrer to both the original indictment and

the reindictment. The trial court denied the special demurrers and appellant was thereafter brought to trial on yet another reindictment wherein he was charged with the commission of kidnapping, attempted aggravated sodomy, and two counts of aggravated assault. He was found guilty of kidnapping and two counts of simple battery and appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. The trial court's denial of appellant's special demurrers is enumerated as error.

The special demurrers were untimely because they were filed after appellant's arraignment on the original indictment and on the first reindictment. *Iona v. State*, 260 Ga. 83, 84 (2) (389 SE2d 754) (1990); Rule 31.1 of the Uniform Rules for the Superior Courts. Moreover, the denial of appellant's special demurrers is clearly a moot issue since he was tried on neither the original indictment nor the first reindictment, but on a subsequent reindictment.

2. OCGA § 17-7-53.1 provides that, if two indictments charging the same offense have been returned and quashed, any future prosecution for that offense is barred. Although two indictments had been returned against appellant before he was eventually brought to trial on the second reindictment, neither the original nor the first reindictment was quashed. By its terms, OCGA § 17-7-53.1 contemplates the trial court's actual quashing of two prior indictments, not the trial court's mere denial of two prior special demurrers. It follows that the trial court correctly ruled that OCGA § 17-7-53.1 was not a statutory bar to appellant's instant prosecution on the second reindictment.

3. Appellant made a pre-trial motion to exclude television cameras from the courtroom. In support thereof, appellant testified that he had already received threats from his fellow inmates based upon the pending criminal charges against him and that the presence of television cameras in the courtroom would, therefore, make him so nervous and self-conscious that he would be unable to testify effectively in his own defense. The trial court denied appellant's motion, concluding that it did not "have any choice in the matter." This ruling is enumerated as error.

The trial court erred in concluding that it did not "have any choice in the matter." Appellant had not moved for a closed proceeding. Compare *R. W. Page Corp. v. Lumpkin*, 249 Ga. 576 (292 SE2d 815) (1982). Appellant's motion sought only to exclude television cameras from the proceedings. Accordingly, "[t]he proper standard in this case is an exercise of discretion. [Cit.]" *Georgia Television Co. v. State*, 257 Ga. 764, 765 (2) (363 SE2d 528) (1988).

The question yet remains, however, whether this error is such as to require the reversal of appellant's convictions and mandate a retrial. As noted, appellant's contention was that, based upon fears for

his personal safety, the presence of television cameras would render him a less effective witness in his own defense. The record demonstrates, however, that appellant did testify as the only witness in his own defense and that he was highly effective. In his trial testimony, appellant, in effect, acknowledged his commission of acts which would authorize a finding of his guilt for kidnapping and simple battery, but he denied commission of acts which would authorize a finding of his guilt for attempted aggravated sodomy and aggravated assault. Appellant was convicted of only the former crimes. Thus, he was obviously successful in convincing the jury not only to disbelieve the State's witnesses, including the prosecutrix herself, but also to discount his own post-arrest statement which was significantly more inculpatory than his trial testimony.

"[T]he bare assertion of fear may, but ordinarily should not, be sufficient [to authorize the exclusion of television cameras]." *State v. Palm Beach Newspapers*, 395 S2d 544, 548 (5) (Fla. 1981). Assuming that appellant's pre-trial assertions "may" have been sufficient to have authorized the trial court's exclusion of television cameras in the exercise of its discretion, the record nevertheless demonstrates that his fear ultimately proved to be unfounded. Despite appellant's asserted pre-trial fear, the presence of television cameras did not result in his becoming a less effective witness in his own defense and the trial court's denial of the motion would not, therefore, constitute reversible error. "The burden is on the party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of constitutional or statutory rights, an appellate court will not reverse. [Cit.]" *Hadden v. State*, 181 Ga. App. 628, 630 (4) (353 SE2d 532) (1987).

4. The trial court's giving of a modified and limited *Allen* charge is enumerated as error. However, the charge itself was not, as appellant contends, coercive. See generally *Reed v. State*, 134 Ga. App. 47, 50 (7) (213 SE2d 147) (1975). That the instruction was given in the original jury charge and not as a recharge after the jury had begun its deliberations is of no consequence. The trial court has "discretion as to the time when the jurors should be informed as to their duties. . . ." *Mize v. State*, 140 Ga. App. 17, 20 (5) (230 SE2d 81) (1976).

5. The trial court's failure to charge the jury that it was to determine the voluntariness of appellant's in-custody statement is enumerated as error.

"Since [appellant] did not request a charge on voluntariness, there was no error in failing to give such a charge. [Cit.]" *Williams v. State*, 153 Ga. App. 421, 422 (2) (265 SE2d 341) (1980). Moreover, as noted above, the jury obviously discounted the more inculpatory con-

tents of appellant's in-custody statement and based its verdict on appellant's less inculpatory trial testimony.

6. The State gave pre-trial notice of its intent to introduce, as evidence of a similar transaction, appellant's prior conviction for a sexual offense. No hearing on the admissibility of this evidence was held until after commencement of the trial. Appellant enumerates as error the trial court's failure to have held a pre-trial hearing to determine the admissibility of his prior conviction.

"[W]hile it is preferable that the hearing be held before trial, it is not reversible error to conduct the hearing in mid-trial where . . . appellant can show no prejudice suffered from the failure to have the hearing before trial." *Thaxton v. State*, 260 Ga. 141, 144 (6) (390 SE2d 841) (1990). Appellant had "[f]air and adequate notice of the State's intention to utilize evidence of similar transactions. . . ." *Cox v. State*, 197 Ga. App. 240 (1) (398 SE2d 262) (1990). The prior transaction was so similar to the crimes for which appellant was being tried that he must have reasonably anticipated that, regardless of when the hearing was held, the trial court would find evidence thereof to be admissible. Compare *Grogan v. State*, 192 Ga. App. 234 (384 SE2d 441) (1989). Moreover, appellant was not found guilty of any crime of a sexual nature. "Consequently, in this case we find no prejudice to [appellant]. [Cit.]" *Cox v. State*, supra at 240 (1).

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 4, 1991 — 
REHEARING DENIED FEBRUARY 21, 1991 — 

*W. Keith Davidson*, for appellant.
*Robert E. Wilson, District Attorney, Elisabeth G. MacNamara, Robert M. Coker, Assistant District Attorneys*, for appellee.