A92A0025. WHITE v. THE STATE.
(418 SE2d 149)

CARLEY, Presiding Judge.

Appellant was indicted for armed robbery and possession of a knife during the commission of that armed robbery. He was tried before a jury and the evidence, when construed most strongly against appellant, authorized a finding that he used a knife to obtain money from the clerk of a convenience store. Based upon this evidence, the jury found appellant guilty of both offenses and he appeals from the judgments of conviction and sentences entered by the trial court on

the jury's guilty verdicts.

1. Appellant had prior convictions for his commission of armed robberies of convenience stores by use of a knife and for other robberies and thefts. The State gave pre-trial notice of its intent to offer these prior convictions as similar transactions evidence. However, a hearing to determine the admissibility of this evidence was not held until after commencement of the trial. Although the trial court originally ruled the prior convictions to be inadmissible, it did subsequently allow them into evidence. Citing *Grogan v. State*, 192 Ga. App. 234 (384 SE2d 441) (1989), appellant urges that, under these circumstances, his prior convictions were "unduly emphasized."

The record does not show that the trial court refused to determine the admissibility of the evidence until after the trial had commenced. Compare *Grogan v. State*, supra. Instead, the record clearly shows that appellant made no objection whatsoever to the timing of the hearing or to the timing of the admission of the evidence. "Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. [Cit.]" *Fancher v. State*, 190 Ga. App. 438, 439 (1) (378 SE2d 923) (1989). See also *Shields v. State*, 202 Ga. App. 659, 660 (2) (415 SE2d 478) (1992); *Hunter v. State*, 202 Ga. App. 195, 196 (3) (413 SE2d 526) (1991). Compare *Lord v. State*, 199 Ga. App. 814, 816 (1b) (406 SE2d 137) (1991).

Moreover, " '(w)hile it is preferable that the hearing be held before trial, it is not reversible error to conduct the hearing in mid-trial where . . . appellant can show no prejudice suffered from the failure to have the hearing before trial.' [Cit.]" *Smith v. State*, 198 Ga. App. 647, 650 (6) (402 SE2d 738) (1991). Here, the evidence was not admitted until after it had been determined that appellant's identity would not be an issue and that his guilt or innocence would be dependent upon his intent and whether he used a knife to obtain the money from the convenience store clerk. "Generally, when similar transactions are being introduced to prove such issues as bent of mind, motive, intent or lack of mistake, less similarity need be shown than when identity is sought to be proved thereby. [Cit.]" *Daniel v. State*, 194 Ga. App. 495, 496 (1) (391 SE2d 128) (1990). See also *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989). Under the circumstances, there was no reversible error. "The hearing was held prior to the introduction of evidence of [appellant's prior convictions], and the fact that the hearing was not held prior to trial did not prejudice appellant." *Rodgers v. State*, 261 Ga. App. 33, 36 (4) (401 SE2d 735) (1991).

2. In his brief, appellant urges that, through the introduction of only certified copies of his prior convictions, the State failed to meet its evidentiary burden of showing sufficient similarity. See *Stephens v. State*, 261 Ga. 467, 468 (6) (405 SE2d 483) (1991). However, this

evidentiary issue is raised in none of appellant's enumerations of error. Those enumerations which relate to the similar transactions evidence address only the issue of the timing of the hearing as to admissibility and the timing of the admission of that evidence. Accordingly, the issue of the sufficiency of the State's showing of similarity "is not before us on appeal. [Cit.] An enumeration of error cannot be enlarged to include other issues not made therein. [Cit.]" *Ross v. State*, 195 Ga. App. 624, 627 (5) (394 SE2d 418) (1990).

3. The indictment alleged that appellant had violated OCGA § 16-11-106 (b) in that he "did . . . unlawfully *possess* a knife having a blade of three or more inches in length. . . ." (Emphasis supplied.) The trial court instructed the jury that a violation of OCGA § 16-11-106 (b) occurs when one "has on *or within arm's reach* of his person a knife having a blade of three or more inches in length. . . ." (Emphasis supplied.) Through his reliance upon *Walker v. State*, 146 Ga. App. 237, 244 (2) (246 SE2d 206) (1978), appellant apparently urges on appeal that the above-quoted instruction, in its emphasized portion, erroneously authorized the jury to find that he had violated OCGA § 16-11-106 (b) in a manner other than that which had been alleged in the indictment. " 'It is reversible error for the court to submit a case to the jury upon a theory entirely different from that claimed in the (indictment) . . .' [Cits.]" *Walker v. State*, supra at 244 (2).

The "possession" specifically proscribed by OCGA § 16-11-106 (b) is the act of having "on *or* within arm's reach of [one's] person . . . a knife having a blade of three or more inches in length. . . ." (Emphasis supplied.) Since the indictment broadly charged appellant with proscribed "possession," and not merely with the act of having a knife of sufficient length "on" his person, it obviously was not error to give the contested charge. Compare *Walker v. State*, supra.

4. Appellant further urges that the evidence failed to show that the knife had a blade of at least three inches in length. There was apparently no testimony as to the length of the knife. However, the knife itself was admitted into evidence. "[T]he jurors [are authorized] to exercise their primary senses of sight, taste, smell, etc., upon real objects introduced before them. . . ." *Morse v. State*, 10 Ga. App. 61, 65 (3) (72 SE 534) (1911). The knife has been included in the record on appeal and, we conclude that any reasonable juror could determine, merely from viewing and handling it, that its blade is at least three inches in length. Accordingly, this enumeration is without merit. A jury "is entitled to consider as proven certain matters even without any testimony being introduced. . . . Jurors . . . are entitled to use their own common sense as intelligent human beings on many questions." *Brown Transport Corp. v. Jenkins*, 129 Ga. App. 457, 461 (3) (199 SE2d 910) (1973).

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED APRIL 10, 1992.

*J. Roland Dewitt,* for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney,* for appellee.