A95A0098. EVANS v. THE STATE.
(458 SE2d 357)

BLACKBURN, Judge.

Following the denial of her plea in bar based upon two prior indictments having been quashed by the trial court, the appellant, Myrtis S. Evans, was convicted upon trial by jury of eight counts of theft by taking. Evans appeals from her conviction.

The record reveals that the Chattooga County Grand Jury in the August Term of 1994 returned three "true bill" indictments against Evans, each charging her with the offense of which she was convicted when tried pursuant to the third indictment. On arraignment day, August 12, 1994, the trial court, sua sponte, informed all involved defendants and attorneys that a city councilman had served on the grand jury in violation of OCGA § 15-12-60 (b) (1). As a result, the trial court issued an order calling the grand jury back into session. Evans, by counsel, filed a plea in abatement the next day.

On August 15, 1994, the grand jury returned the second indictment against Evans. However, as the grand jurors prepared to depart, the foreman of the grand jury asked to approach the bench. The fore-

man explained that he had held elective office in the preceding two years as a Democratic Committeeman. The trial court, again sua sponte, excused the foreman based upon an alleged violation of OCGA § 15-12-60 (b) (1), and directed the grand jury to reconvene that afternoon. After doing so and electing a new foreman, the grand jury returned the third indictment against Evans.

At calendar call on August 18, 1994, the trial court orally granted Evans' oral motion to quash the first and second indictments. The district attorney concurred therein. "MR. COOK: We move to quash the two previous indictments that were returned by improperly constituted Grand Juries, that the Court can take judicial knowledge and cognizance of. We move to quash the two prior indictments. THE COURT: Would that not be done by operation of law? MR. VAN PELT: I don't know, Judge, I think it would be by operation of law. THE COURT: But in any event, the Court would not allow two or three indictments against the same defendant for the same thing. MR. COOK: They are improper indictments, the Court can rule they are improper. Can I take an oral order quashing the two prior indictments? MR. VAN PELT: I don't have any problem with that, Judge. THE COURT: Order is so entered. I know of no reason why the same motion would not apply to all of the other cases. MR. COOK: As a friend of the Court, speaking in Amicus Curiae, I so move. MR. VAN PELT: Yes sir, we intended to eventually nol pros or quash all of those, the first two sets. THE COURT: Motion granted as to all of them. That way there will be no question about it. MR. COOK: That's right. THE COURT: Those prior indictments are now void, with no force and effect whatsoever. MR. VAN PELT: Yes sir. THE COURT: All prior indictments because the Grand Jury had a public official on it, unless it has been waived, those indictments are quashed." At the call of the calendar on August 22, 1994, the court stated: "Myrtis Evans was, indeed, one of these defendants that the Court was ruling on[,] Mr. Van Pelt." Van Pelt responded: "That's fine, Judge. Mrs. Evans did, in fact, challenge the first indictment. . . ."

In a motions hearing on August 22, 1994, the trial court refused to memorialize, in writing, its oral ruling quashing the first and second indictments,[1] stating: "But I stand on what I did, if I've made a mistake, a legal mistake, then I'll abide by it. . . ." The trial court

---

[1] In denying the motion, the trial court stated "I don't think this is the first time I've found myself in a catch twenty-two, I hope it's the last time, but I doubt that it will be. But in any event, *this Court is not going to sign anything to further propel the arguments about quashing the first two indictments.* I'm not going to sign any order, not unless the Supreme Court or the Court of Appeals orders me to do so. If I'm ordered to do so by one or the other, then I would. Anything short of an order from the appellate courts I refuse to sign anything." (Emphasis supplied.)

denied Evans' plea in bar, which was based upon a violation of OCGA § 17-7-53.1 where the first and second indictments had been quashed by the Court.

In Evans' sole enumeration of error, she asserts that the trial court erred by denying her plea in bar. OCGA § 17-7-53.1 provides "[i]f, upon the return of two 'true bills' of indictments or presentments by a grand jury on the same offense, charge, or allegation, the indictments or presentments are quashed for the second time, whether *by [a] ruling on a motion,* demurrer, special plea or exception, or other pleading of the defendant *or by the court's own motion,* such actions shall be a bar to any *future prosecution of such defendant for the offense,* charge or allegation." (Emphasis supplied.) OCGA § 17-7-53.1 operates as a statutory bar to a prosecution on a third indictment for the same offense, where, as here, the trial court has quashed two prior indictments thereon. See *Smith v. State,* 198 Ga. App. 647, 648 (402 SE2d 738) (1991).

Appellee, the State of Georgia, contends that the plea in bar should be denied for Evans' failure to timely challenge the first indictment and her failure to file a written challenge to the second indictment. Further, citing *Ingram v. State,* 253 Ga. 622, 624-625 (323 SE2d 801) (1984), the State contends that OCGA § 15-12-60 (b) (1) did not require the trial court's excusal of the foreman of the grand jury which returned the second indictment — this because he neither held elective nor public office.

Pretermitting these issues, however, the trial court entered a ruling on the record which quashed the first and second indictments against Evans, terminating all proceedings on each indictment. See *Echols v. State,* 187 Ga. App. 870, 872 (371 SE2d 682) (1988). Having thus quashed two indictments on the same offense, the statutory bar to further indictment on the same offense arose pursuant to OCGA § 17-7-53.1. See *Smith,* supra at 648. See also *Davis v. State,* 213 Ga. App. 212, 213-214 (444 SE2d 142) (1994) ("When construing a statute this court must look to the plain meaning of words and if there is only one reasonable construction, the statute must be construed in that manner. [Cit.]"). Trial courts generally have the authority to timely amend or set aside their oral ruling. See *Cotton States Mut. Ins. Co. v. Neese,* 173 Ga. App. 62, 64 (325 SE2d 431) (1984). The trial court's refusal to reduce his order to writing does not change the outcome as it elected to let its oral ruling stand at the time it refused to reduce it to writing. Under these circumstances, the State cannot now argue that the trial court's ruling on the motion to quash was ineffective for the trial court's failure to memorialize it in writing. This is particularly so when, as here, the State concurred in the action complained of at trial. "[A] litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his

ground." *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536) (1986).

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 19, 1995 —
RECONSIDERATION DENIED JUNE 7, 1995 —

*Gammon & Anderson, Wayne W. Gammon, Carlton H. Vines,* for appellant.

*Ralph L. Van Pelt, Jr., District Attorney,* for appellee.