A98A0430. LUNBERRY v. THE STATE.

(500 SE2d 625)

BLACKBURN, Judge.

Darren Gene Lunberry appeals his conviction for possession of marijuana and driving under the influence of marijuana, based, in part, on the trial court's failure to give a limiting instruction upon the admission of similar transaction evidence. For the reasons discussed below, we are compelled to reverse.

It is undisputed, that on July 5, 1995, Lunberry was stopped by Officer Sam Duff at a roadside license and insurance inspection checkpoint and was ultimately charged with possession of marijuana and driving under the influence of marijuana. It is also undisputed that the trial court failed to give a limiting charge to the jury upon the admission of similar transaction evidence involving prior convictions for DUI. Although Lunberry made no specific objection regarding the lack of a limiting instruction relating to the similar transaction evidence admitted by the court, he reserved any objections to the court's charge.

This case is controlled by *Hinson v. State*, 229 Ga. App. 840, 842 (3) (494 SE2d 693) (1997). The admission of similar transaction evidence without accompanying limiting instructions is harmful as a matter of law. "[T]he trial court committed reversible error in failing to give, sua sponte, a limiting instruction contemporaneous with the admission of extrinsic acts or similar crimes evidence." Id. As a result, Lunberry's conviction must be reversed.

Based on the above, it is unnecessary to address Lunberry's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 30, 1998.

*Summer & Summer, Daniel A. Summer*, for appellant.

*Lydia J. Sartain, District Attorney, Lucy K. Henry, Assistant District Attorney*, for appellee.