A98A1627. FULLER v. THE STATE.
(509 SE2d 79)

BEASLEY, Judge.

Fuller appeals his convictions of aggravated assault, OCGA § 16-5-21 (a) (2), and possession of a knife during the commission of a crime, OCGA § 16-11-106 (b) (1).

1. He first contends that the evidence is insufficient to support his conviction of the latter crime. He argues that the evidence did not show that the knife of which he was allegedly in possession had a blade of three or more inches in length, which is an element of the offense.[1]

The evidence showed that Fuller choked and stabbed his former girlfriend after his attempted reconciliation with her proved unsuccessful. No knife was recovered from the scene of the crime, and the victim was the only State's witness who saw the knife. While on the stand, she was shown a knife and testified that the blade of the knife used by Fuller was longer and wider. She was not specifically asked the length of the blade he used. When the State later tendered the purported facsimile in evidence, the court sustained an objection by Fuller on grounds that it was not the knife actually used by him, and it was not necessary for the jury to view the present knife during its deliberations.

Although the knife presented was not formally admitted in evidence, it was shown to the jury and has been included in the record on appeal. An examination of it shows its blade exceeds three inches in length. Consequently, a reasonable juror could have determined,

---

[1] See *White v. State*, 203 Ga. App. 889, 891 (4) (418 SE2d 149) (1992).

based on the victim's testimony and the juror's observation of the knife exhibited, that the knife used by Fuller had a blade exceeding the requisite length. The evidence supports the verdict.[2]

2. Fuller next contends the court erred in failing to give the jury a limiting instruction contemporaneous with the admission of similar transaction testimony given by two witnesses, even though such an instruction was not requested and a limiting instruction was given in the court's general charge.

There were two similar transaction witnesses. One testified that Fuller had befriended her but that during a social visit at her house one night, he became angry when she asked him to leave and proceeded to choke and stab her. The other witness, who had been married to Fuller, testified that he accosted her at work and choked and stabbed her after she left him.

In *Belt v. State*,[3] a four-judge plurality of this Court held that where, pursuant to *Williams v. State*[4] and *Stephens v. State*,[5] the trial court has determined that similar transaction evidence will be admitted for a specified limited purpose, it is the court's duty, even in the absence of a request, to instruct the jury that such acts are only to be considered for that compartmentalized aspect of the case. Further, the instruction is to caution that the jury first determine whether the act in light of the limited purpose for which it is introduced was similar enough to the crime charged so that proof of the prior act tends to prove the latter crime. The plurality held that such instruction should be given "preferably" at the time the evidence is introduced *and* in its general charge to the jury.[6]

In subsequent cases which (unlike *Belt*) were binding precedents, we held that a trial court commits reversible error in failing to give, sua sponte, a limiting instruction contemporaneous with the admission of similar crimes evidence.[7] This was so even where such an instruction is given in the general charge, because the confining caution is so vital to the jury's proper consideration of the evidence that it compels expression when it is introduced lest the evidence take hold generally. If not given, the risk of improper imbedding of the evidence in the jurors' minds as the trial unfolds looms great. It is merely hopeful, at best, and doubtful realistically, to expect that jurors can engineer the tooling of their minds to excise the devastat-

---

[2] See id.

[3] 227 Ga. App. 425 (1) (489 SE2d 157) (1997).

[4] 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[5] 261 Ga. 467 (405 SE2d 483) (1991).

[6] *Belt v. State*, supra at 428.

[7] See *Hinson v. State*, 229 Ga. App. 840, 842 (3) (494 SE2d 693) (1997); *Jackson v. State*, 230 Ga. App. 292, 298 (12) (496 SE2d 315) (1998); *Luke v. State*, 230 Ga. App. 712, 713 (1) (497 SE2d 376) (1998); *Lunberry v. State*, 231 Ga. App. 706 (500 SE2d 625) (1998).

ing information from any influence or as a factor on elements other than the limited one or few designated. Consequently, we refused to apply the harmless error rule in *Chisholm v. State*.[8] The view was that when the court allows in this extra-event evidence, the court must ensure its proper use else fairness will be jeopardized.

These subsequent cases, as well as earlier ones with the issue,[9] have been either explicitly or implicitly overruled by the Supreme Court in *State v. Belt*.[10] It is a controlling pronouncement which overrides the developments in the Court of Appeals. The Supreme Court granted certiorari in *Belt*, supra, and held that absent a request, the trial court does not commit reversible error in failing to instruct the jury on the limited purpose for which similar transaction evidence is admitted.

The deficiency in Fuller's case was exacerbated by the incompleteness of the instruction which the court gave in its general charge. The court did not inform the jury that it had to determine whether the prior acts were similar enough to the crime charged so that proof of the former tended to prove the latter. Prior to the Supreme Court's decision, this in itself would have constituted reversible error.[11]

Fuller's enumeration is governed adversely to him by the application of *Belt*.

3. Finally, Fuller contends the court erred in forcing him to trial without counsel of his own choosing and in denying his motion for new trial on the ground of ineffective assistance of trial counsel.

The trial was scheduled for February 7, 1994. On January 31, defense counsel provided Fuller with a formal notice that he wished to withdraw from the case, and on February 1 counsel filed a request to withdraw. Testimony given by counsel at the hearing on Fuller's motion for new trial showed that he was seeking to withdraw because Fuller had only paid $300 of counsel's $1,000 fee. Counsel testified that by letter dated January 11, he had notified Fuller's family that he required full payment by January 20. He explained to Fuller on several occasions that otherwise he would have to withdraw.

Apparently because of statements made by the senior judge who presided at arraignment on February 1, counsel was under the impression that his motion to withdraw would be granted and the

---

[8] 231 Ga. App. 835, 838 (2) (500 SE2d 14) (1998).

[9] *Prickett v. State*, 220 Ga. App. 244 (469 SE2d 371) (1996); *Moore v. State*, 202 Ga. App. 476 (414 SE2d 705) (1992).

[10] 269 Ga. 763 (505 SE2d 1) (1998). See *State v. Hinson*, 269 Ga. 862 (506 SE2d 870) (1998) (reversing our decision in *Hinson*, supra, under the authority of *Belt*).

[11] See *Chisholm v. State*, supra at 837, 838 (2).

case continued until March or April. He so informed Fuller's family, even though the withdrawal request had to be acted on by the judge presiding at trial, and no motion for continuance had been made.

At the time Fuller was told he had to appear for trial on February 7, his family was in the process of hiring or attempting to hire another lawyer. When counsel first saw Fuller on the morning of trial, Fuller was very upset because the case had been called. Although Fuller said he wanted another lawyer and asked to speak to the judge, counsel testified that Fuller previously had not indicated any dissatisfaction with his services.

After a jury was impaneled, counsel informed the court that Fuller had something he wanted to say. Fuller then asked that he be allowed to discharge his attorney and retain another lawyer because he disagreed with his present attorney and was dissatisfied with his services. When the court indicated it was too late for Fuller to hire a new lawyer, Fuller stated that he had been informed that a continuance had been granted. Since neither counsel's withdrawal nor a continuance had been granted, the court ordered the trial to proceed.

The court did not abuse its discretion in denying a delay, as it was authorized to find that Fuller was attempting to use the discharge of counsel and employment of another as a tactic to avoid trial, an impermissible purpose.[12]

The record supports findings that counsel adequately consulted with Fuller, investigated and researched the case, and provided a capable defense at trial. The determination that Fuller was provided with effective assistance of counsel will be upheld as it is not clearly erroneous.[13]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 6, 1998 —
RECONSIDERATION DENIED NOVEMBER 23, 1998.

*Elizabeth Lane*, for appellant.
*Charles H. Weston, District Attorney, Wayne G. Tillis, Howard Z. Simms, Assistant District Attorneys*, for appellee.

---

[12] *Mallory v. State*, 225 Ga. App. 418, 422 (4) (483 SE2d 907) (1997).
[13] E.g., *White v. State*, 216 Ga. App. 583 (1) (455 SE2d 117) (1995).