A06A2488. IN THE INTEREST OF T. T., a child.
(639 SE2d 538)

BLACKBURN, Presiding Judge.

T. T. was adjudicated delinquent after the juvenile court found he had committed an act which, had he been an adult, would have supported a conviction for burglary.[1] He appeals, contending in his sole enumeration of error that the evidence was insufficient to support a conviction for burglary. For the reasons set forth below, we affirm.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.

---

[6] *Zappa v. Basden*, 188 Ga. App. 472, 476 (373 SE2d 246) (1988).
[1] OCGA § 16-7-1.

(Punctuation omitted.) *In the Interest of T. T.*[2] See generally *Jackson v. Virginia.*[3] Thus, "[t]he standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case." *In the Interest of T. T.*, supra. In reviewing such cases, we do not weigh the evidence or determine witness credibility. *In the Interest of T. N.*[4]

So viewed, the record in this case shows that upon returning to his apartment one night after work, Quintaurus Wood found that a rock had been thrown through his apartment window, that his apartment was in disarray, and that several personal items had been stolen. He immediately called the police to report the burglary. Just as a sheriff's deputy pulled into the parking lot at Mr. Wood's apartment complex, Mr. Wood noticed that three young males, two of whom were each carrying a large trash bag, were entering into the parking lot through a nearby hole in the complex's perimeter fence. The three boys (later identified as T. T. and his two brothers) entered a car being driven by an adult woman (later identified as the boys' great-grandmother). As the car began to leave, the deputy asked the driver to stop and asked the occupants what they were doing. Mr. Wood then asked one of the boys to open the trash bag he was holding, which he did after the driver also told him to do so. Immediately, Mr. Wood recognized several items which had been stolen from his apartment. The deputy then ordered everyone out of the vehicle, at which point one of T. T.'s brothers fled. T. T. and the remaining brother were taken into custody at the scene. The brother who had fled was also later taken into custody.

A juvenile complaint and a delinquency petition were filed in juvenile court, charging T. T. with the burglary of Mr. Wood's apartment. After a hearing before the juvenile court, in which both Mr. Wood and the investigating officer testified, T. T. was found to have committed the burglary and was adjudicated delinquent. This appeal followed.

T. T. contends that the evidence was insufficient to support a finding that he committed burglary, arguing that there was no evidence that he ever had possession of or exercised control over the stolen property. We disagree. According to OCGA § 16-7-1 (a), "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another." "The rule has been long established in this state that where a theft, whether by simple

---

[2] *In the Interest of T. T.*, 236 Ga. App. 46 (1) (510 SE2d 901) (1999).

[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[4] *In the Interest of T. N.*, 254 Ga. App. 330, 331 (562 SE2d 374) (2002).

larceny, burglary, or robbery, is proven, that recent unexplained possession of the stolen goods by the defendant creates an inference or presumption of fact sufficient to convict." (Punctuation omitted.) *Williams v. State.*[5] See also *In the Interest of A. L.*[6] In addition, "[m]ere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Punctuation omitted.) *Williams*, supra, 205 Ga. App. at 397 (1).

Here, the evidence showed that T. T. and his brothers had been in and around Mr. Wood's apartment complex on the day of the burglary. Additionally, both Mr. Wood and the investigating officer observed T. T. and his brothers entering the apartment complex's parking lot through a hole in the perimeter fence while carrying two garbage bags containing some of Mr. Wood's recently stolen property. Nevertheless, T. T. argues that such evidence is insufficient to support the court's findings because he was not the person actually carrying either one of the garbage bags. However, the bags being carried by his brothers were in his immediate presence. "Under this evidence, the [juvenile court] was authorized to find the [bags] were in the constructive possession of [T. T.]." *Wisdom v. State.*[7] Accordingly, the evidence sufficiently supported the juvenile court's finding that T. T. had committed a burglary and its adjudication of T. T. as delinquent. See id.; *In the Interest of A. L.*, supra, 255 Ga. App. at 216 (1).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 21, 2006.

*John T. Strauss*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Steven P. Shewmaker, Assistant District Attorney*, for appellee.

---

[5] *Williams v. State*, 205 Ga. App. 397 (1) (422 SE2d 438) (1992).
[6] *In the Interest of A. L.*, 255 Ga. App. 215 (564 SE2d 823) (2002).
[7] *Wisdom v. State*, 234 Ga. 650, 654 (217 SE2d 244) (1975).