656 S.E.2d 172 (2007)
In the Interest of B.R., a child.
No. A07A1577.
Court of Appeals of Georgia.
December 14, 2007.
Craig T. Pearson, for appellant.
Tom Durden, District Attorney, Claira E. Mitcham, Joe G. Skeens, Assistant District Attorneys, for appellee.
BERNES, Judge.
B.R. was adjudicated delinquent after the juvenile court found that he had committed acts which, had he been an adult, would have supported a conviction for burglary.[1] B.R. *173 appeals, contending that his adjudication cannot stand because the state failed to prove that he committed the offense and failed to prove venue beyond a reasonable doubt. For the reasons set forth below, we reverse.
In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.
(Citations and footnotes omitted.) In the Interest of T.T. 282 Ga.App. 527, 639 S.E.2d 538 (2006). Furthermore, "[w]e do not resolve conflicts in the evidence or determine the credibility of the witnesses. Those issues are for the juvenile court to decide." (Footnote omitted.) In the Interest of R.J.S., 277 Ga.App. 74, 625 S.E.2d 485 (2005).
Viewed in its proper light, the evidence shows that a mobile home owned by the victim was burglarized on October 1, 2006. S.L., the victim's 17-year-old son, was hem at the time of the burglary. On the day in question, B.R., whom S.L. had known since he was about eight years old, came to S.L.'s window and told him that a man named Michael Proctor was going to break into his home.[2] After B.R. left, S.L.'s dog started barking, "and three dudes walked up," including Proctor. S.L. hid in his father's closet during the burglary and called the police. After the intruders left, S.L. discovered that his back door, which had been locked, was open, and that his video game player, DVD player, video games, and DVDs were missing.
Liberty County Deputy Sheriff Jeff Dawson, along with other officers, responded to a call of a burglary in progress at the mobile home park on the night in question. As Dawson pulled into the park, he saw two males, later identified as Proctor and B.R., standing outside a window of a different mobile home. Proctor started throwing down bags of items, which included a video game player and a DVD player with the victim's name written on the bottom. Proctor and B.R. then ran. Dawson and another officer chased them, but the men split up and they caught only Proctor at that time. During the chase, B.R. was wearing red shorts.
S.L. subsequently told the responding officers that he recognized B.R. and M.T. as the men who accompanied Proctor during the burglary. He also told the police that he recognized B.R.'s voice as he hid in the closet, and that one of the perpetrators was wearing red shorts. A pair of red shorts was discovered in an area that B.R. had been seen immediately following the burglary.
Dawson's investigation further revealed that the mobile home outside of which Proctor and B.R. had been standing when the officers arrived belonged to M.T. and his mother. B.R. and M.T. were friends and had been together that evening, entering and exiting the mobile home through M.T.'s window. The responding officers recovered the bags of items thrown down by Proctor as well as other items stolen from the victim that were inside of M.T.'s mobile home.
B.R. was arrested and charged with the offense of burglary along with his co-defendants. He was ultimately found delinquent on the charge and appeals the juvenile court's decision.
1. B.R. contends that the evidence recounted above is insufficient to support his adjudication because the only evidence of his involvement in the burglary is the testimony that he ran from the officers. He also argues that there was no evidence that he ever possessed or exercised control over the stolen property. We disagree. First, flight is always a circumstance which may be considered in determining the guilt or innocence of an accused. Hogan v. State, 251 Ga. 242(1), 304 S.E.2d 699 (1983); accord Woolfolk v. State, 282 Ga. 139, 140(2), n. 2, 644 S.E.2d 828 (2007). Second, the evidence in the case at bar showed more than flight; it was sufficient *174 to uphold B.R.'s adjudication as a party to the crime. "[M]ere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but presence, companionship, and conduct before and after the "offense are circumstances from which one's participation in the criminal intent may be inferred." (Citation And punctuation omitted.) In the Interest of T.T., 282 Ga. App. at 529, 639 S.E.2d 538. S.L. told the police that B.R. and M.T. had accompanied Proctor into his home during the burglary. Moreover, B.R. was observed fleeing from the police in the company of Proctor, who was carrying bags of the stolen goods. Other stolen items were in M.T.'s possession, and M.T. testified that he and B.R. were together and had climbed in through the window around the time of the burglary. Because the stolen goods were in B.R.'s immediate presence, the juvenile court was authorized to find that the goods were in his constructive possession. Id., citing Wisdom v. State, 234 Ga. 650, 654, 217 S.E.2d 244 (1975). And although "proof of recent, unexplained possession is not automatically sufficient to support a conviction for burglary, . . . it is sufficient to create an inference that the defendant is guilty of the burglary." (Citation and punctuation omitted.) In the Interest of M.M., 240 Ga.App. 571, 573, 524 S.E.2d 274 (1999). In toto, the evidence is sufficient to support the juvenile court's finding beyond a reasonable doubt that B.R. committed the delinquent act of burglary.
2. We are nonetheless constrained to reverse B.R.'s adjudication of delinquency because the state failed to sufficiently prove venue.
Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. (Punctuation and footnotes omitted.) Jones v. State, 272 Ga. 900, 901(2), 537 S.E.2d 80 (2000).
In the case at bar, the state presented no direct evidence that the burglary was committed in Liberty County. The victims were asked to give only their street address, not their county of residence, and "a street name, standing alone, is never sufficient to establish venue." (Footnote omitted.) Jones, supra at 904(3), 537 S.E.2d 80. The only other alleged evidence of venue consisted of the testimony of the four law enforcement officers who responded to the scene, each of whom stated that they were employed by the Liberty County Sheriffs Office.
The issue in this case is directly controlled by the Supreme Court's ruling in Thompson v. State, 277 Ga. 102, 104(3), 586 S.E.2d 231 (2003). In Thompson, the Supreme Court found the state's proof of venue insufficient as to a sexual battery count. In so finding, the Supreme Court expressly stated that it had "reviewed the evidence of venue presented at trial," which, as our opinion in Thompson made clear, included the investigating officer's county of employment. Id.; Thompson v. State, 257 Ga.App. 426(1), 571 S.E.2d 158 (2002). In King v. State, 271 Ga.App. 384, 387(1), 609 S.E.2d 725 (2005), we explained that by reversing our holding in Thompson, the Supreme Court implicitly ruled "the investigating officers' county of employment does not, in and of itself, constitute sufficient proof of venue to meet the beyond a reasonable doubt standard."[3] See also In the Interest of D.D., 287 Ga.App. 512, 514-515(2)(b), 651 S.E.2d 817 (2007) (holding that evidence of responding officers' county of employment "cannot serve as the exclusive proof that the crimes occurred in that county"). And even when the Supreme Court's ruling is implied, `[i]t is a controlling pronouncement which overrides the developments in the Court of Appeals." Fuller v. State, 235 Ga.App. 436, 438(2), 509 S.E.2d 79 (1998).
*175 The dissent's position is tantamount to an overruling of the binding Supreme Court of Georgia precedent of Thompson.[4]Chapman v. State, 275 Ga. 314, 317-318(4), 565 S.E.2d 442 (2002), upon which the dissent relies, is not inconsistent with Thompson because the investigating officer's county of jurisdiction was not the sole evidence of venue. Thus, while this Court might reach a different conclusion were we addressing this issue in the first instance, we are compelled to conclude that evidence of an investigating officer's county of employment is insufficient standing alone to prove venue. We note, however, that the state is authorized to retry B.R. without violating the Double Jeopardy Clause, because the evidence presented at trial was otherwise sufficient to support the adjudication of delinquency. See Melton v. State, 282 Ga.App. 685, 689(2), 639 S.E.2d 411 (2006).
Judgment reversed and case remanded.
BARNES, C.J., ANDREWS, P.J., JOHNSON, P.J., RUFFIN, ELLINGTON, PHIPPS and ADAMS, JJ., concur.
BLACKBURN, P.J., SMITH, P.J., and MILLER, J., concur fully and specially.
MIKELL, J., concurs in part and dissents in part.
MILLER, Judge, concurring specially.
I concur fully with the majority opinion because I am convinced that proof of venue resting solely on so slim a reed as a rebuttable presumption of regularity as to the exercise of police duties within applicable jurisdictional boundaries is inconsistent with judicial economy and public confidence in the due administration of justice in Georgia. To the extent that this Court, or any court, indulges in such a proposition, a disservice is done to constitutional jurisprudence requiring that the State establish venue and that it do so beyond a reasonable doubt.
I write separately to emphasize my concern, as a former trial judge and prosecutor, that so many appeals continue to reach this Court in which the State has failed to ensure that venue was established beyond a reasonable doubt. Instead of asking this Court to compromise the constitutional requirement of establishing venue, the district attorney should instead ensure that every witness at trial is asked to simply state where the offense occurred and whether that location is within the county alleged in the indictment. Having a trial reversed as a result of the State's failure to do so is an inexcusable waste of finite judicial resources. It is also a disservice not only to the trial court, but the jurors and witnesses who participated in the first trial, and especially to the victims of crime who must endure second trial based on the State's failure to ask the most basic of questions.
I am authorized to state that Presiding Judge BLACKBURN and Presiding Judge SMITH join in this special concurrence.
MIKELL, Judge, concurring in part and dissenting in part.
Although I concur with Division 1 of the majority opinion, I respectfully dissent to Division 2 and to the grant of the motion for reconsideration because I believe that the state proved venue beyond a reasonable doubt.
Our Supreme Court has held that "the State may establish venue by whatever means of proof are available . . ., including direct and circumstantial evidence."[5] In the case at bar, all four of the law enforcement officers who testified at the hearing stated that they were employed by the Liberty County Sheriffs Office and were dispatched *176 to the scene to investigate the burglary. I believe that this circumstantial evidence is sufficient proof of venue.
The issue, whether evidence of the county by which investigating officers are employed is adequate to prove venue, is complicated by the existence of two controlling precedents in our. Supreme Court. Chapman v. States[6] relied on the "well-settled principle that public officials are believed to have performed their duties properly and not to have exceeded their authority unless clearly proven otherwise:"[7] On the other hand, the opinion issued the following year in Thompson v. State[8] did not mention Chapman but may or may not have approved the assertion in the Court of Appeals' opinion in Thompson that the abolition of the "slight evidence" rule in venue appeals. rendered evidence of the investigating officer's county of employment inadequate.[9] I do not now agree that our opinion in Thompson was correct in concluding that the abolition of the "slight evidence" rule automatically changed the rule in Chapman and in previous decisions by our court.[10] But I do not revisit our opinion in Thompson because it was affirmed in part and reversed in part, perhaps on other grounds, by our Supreme Court.[11]
Of course, we follow Supreme Court precedent even when the holding is by implication.[12] However, contrary to the suggestion in King,[13] I do not believe that the Court held by implication in Thompson that evidence of the county by which investigating officers are employed is insufficient, as a matter of law, to prove venue beyond a reasonable doubt.
Our opinion in Thompson pointed out that "[v]enue is more than a mere procedural nicety; it is a constitutional requirement that all criminal cases be conducted in the county in which the crimes are alleged to have occurred." [14] Proof of venue has been a required portion of the state's proof in criminal cases for well over one hundred years.[15] At one time, venue was considered to be of such importance that the citizens of our state enshrined it in our organic law.[16]
On the other hand, one cannot pretend that this constitutional right has the sanctity or centrality of, for example, the right against self-incrimination or the right of freedom of speech. Our present state constitution dilutes the right of venue by, for example, allowing a superior court judge to move a trial to another county when he or she is satisfied that an impartial jury cannot be obtained in the county where venue is proper.[17] Moreover, in juvenile cases, like the case at bar, venue is left to statute, one of which provided that the case "may" be brought in the county where the offense occurred but may be tried in any county in the judicial circuit.[18] And, according to precedent from our own Supreme Court, a reversal *177 of a conviction on the ground of insufficient evidence of venue is a "question of procedure" and hence a retrial is not barred by the prohibition against double jeopardy[19]
Because proof of venue has been for so long not merely a requirement in criminal cases in Georgia but a part of our tradition, we are surprised that so many venue cases continue to come to our appellate courts. The Prosecuting Attorneys' Council should use its course "Fundamentals of Prosecution" to drill it into the heads of every new assistant district attorney and every new assistant solicitor that the first question to a witness, maybe even before asking the witness's name, should be "in what county did all this happen?," and that the last question to a witness should be "in what county did all this happen?" Having a trial reversed for lack of proof of venue is a gross inconvenience to the trial judge, two jury arrays, to the witnesses, the victims, and the defendant, not to mention the minor inconvenience to the appellate court for having to decide the matter.[20]
Despite our long tradition, cases alleging insufficiency of proof of venue continue too frequently to appear in our appellate courts. To end the uncertainty, I would establish a bright line rule, to the effect that unambiguous trial evidence that one or more of the investigating officers was employed by the county in which venue is laid is sufficient, in the absence of matting evidence, to sustain a jury verdict beyond a reasonable doubt. Although such evidence is circumstantial, circumstantial evidence can be powerful evidence, especially by comparison to fallible human recollection and occasional human lack of candor.[21] The testimony of one witness is generally sufficient to prove a fact.[22] Why should one piece of powerful circumstantial evidence not also suffice?[23] We should not have specialized evidentiary rules for establishing venue. Indeed, the Supreme Court seemed to agree when it abolished the "slight evidence" rule in Jones and held proof of venue to the same standard as other facts in criminal casesbeyond a reasonable doubt.[24]
In suggesting a bright line rule, I rely on the presumption noted in Chapman, and also on the general knowledge that the employment of law enforcement officials by counties and municipalities is expensive and that they are not lightly committed to tasks outside their jurisdictions. Such could happen by inadvertence or otherwise. But cross-examination and the jury will sift through to the truth.
Accordingly, I would hold that the circumstantial evidence in the case at bar was sufficient to establish venue in Liberty County *178 beyond a reasonable doubt and would affirm the finding of delinquency in the court below.
NOTES
[1] Under OCGA § 16-7-1(a), "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another."
[2] S.L. had been having problems with Proctor, and on the previous day, Proctor had kicked in S.L.'s door and the two had fought over a mouthpiece.
[3] One rationale for the Supreme Court's decision may be that "[a] law enforcement officer may make an arrest without a Warrant for an offense committed in his presence . . . even if the arrest is outside his jurisdiction." (Citations omitted.) Wells v. State, 206 Ga.App. 513, 515(1), 426 S.E.2d 231 (1992).
[4] The rule proffered by the dissent may also conflict with the Supreme Coust's opinion in Jones, supra at 900, 537 S.E.2d 80 (2000), to the extent that it holds that evidence of an `officer's county of employment is sufficient to prove venue "in the absence of conflicting evidence." In Jones, the Court rejected the slight evidence rule as applied to venue, emphasizing that the State is required to prove venue beyond a reasonable doubt because the defendant always challenges venue when he pleads not guilty and because the burden of presenting conflicting evidence to disprove venue (or any other essential element) never shifts to the defendant. Id. at 902-903(2), 537 S.E.2d 80.
[5] Chapman v. State, 275 Ga. 314, 317(4), 565 S.E.2d 442 (2002), citing Jones v. State, 272 Ga. 900, 902-903(2), 537 S.E.2d 80 (2000).
[6] Supra.
[7] Id. at 317(4), 565 S.E.2d 442, citing Richmond County Hosp. Auth. v. Richmond County, 255 Ga. 183, 192(2)(c), 336 S.E.2d 562 (1985).
[8] 277 Ga. 102, 586 S.E.2d 231 (2003).
[9] Thompson v. State, 257 Ga.App. 426, 427, 571 S.E.2d 158 (2002), rev'd, 277 Ga. 102, 586 S.E.2d 231. See King v. State, 271 Ga.App. 384, 387(1), 609 S.E.2d 725 (2005) ("[t]he Supreme Court thus impliedly approved this court's determination that the investigating officers' county of employment does not, in and of itself, constitute sufficient proof of venue"). King is distinguishable from Chapman and Thompson because King involved a city and there was no judicial notice that the city was within the county.
[10] See Allen v. State, 243 Ga.App. 730, 731-732(2), 534 S.E.2d 190 (2000).
[11] See n. 5, supra. The main argument among the Supreme Court justices in Thompson seems to have been the effect of alleged admissions in judicio made in petitions for bail bond, See Thompson, 277 Ga. at 103-104(2), 586 S.E.2d 231.
[12] See Fuller v. State, 235 Ga.App. 436, 438(2), 509 S.E.2d 79 (1998).
[13] Supra.
[14] (Footnote omitted.) Thompson, 257 Ga.App. at 426(1), 571 S.E.2d 158.
[15] See, e.g., pumas v. State, 62 Ga. 59, 60, hn 4 (1878).
[16] Ga. Const.1976, Art. VI, Sec. XIV, Par. VI.
[17] Ga. Const.1983, Art. VI, Sec, II, Par. VI.
[18] Id. See also OCGA § 15-11-29.
[19] Jones, supra at 904-905(4), 537 S.E.2d 80, citing Wilkett v. United States, 655 F.2d 1007, 1011-1012 (10th Cir.1981), cert. denied, Conklin v. United States, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982). Some legal systems exist without the concept of venue. For example, there is no venue requirement in admiralty law. See generally In re Louisville Under-writers, 134 U.S. 488, 10 S.Ct. 587, 33 L.Ed. 991 (1890); Pardonnet v. Flying Tiger Line, 233 F.Supp. 683, 688 (N.D.Ill.1964).
[20] We understand that the state may in some cases be unsure where the crime occurred. Such uncertainty did not seem to exist in the case at bar. OCGA § 17-2-2(b), (h). See generally Short v. State, 276 Ga.App. 340, 347-348(5), 623 S.E.2d 195 (2005); Ward v. State, 270 Ga. App. 427, 428, 606 S.E.2d 877 (2004).
[21] See Parisian, Inc. v. Cobb County Ed. of Tax Assessors, 263 Ga.App. 332, 337, 587 S.E.2d 771 (2003) ("[a]s Henry David Thoreau once said, `Some circumstantial evidence is very strong, as when you find a trout in the milk'") (Blackburn, P.J., concurring). See Rose v. Figgie Intl., 229 Ga.App. 848, 852-853(1)(b), 495 S.E.2d 77 (1997) (same), citing Bmbs v. Pepsi-Cola Bottling Co. etc., 528 S.W.2d 703, 706 (Ky.App.1975). See also Coley v. State, 176 Ga.App. 444, 446(1), 336 S.E.2d 347 (1985) (facts that, appellant beat victim and ordered her to disrobe, that victim was partially disrobed when discovered, and that a medical examination disclosed that the victim had had sexual intercourse a few hours previously is strong circumstantial evidence of rape); Walker v. State, 157 Ga.App. 728, 729(1), 278 S.E.2d 487 (1981) (fact that telephone number assailant gave to victim was the same as appellant's unlisted number was strong circumstantial evidence of his identity).
[22] See OCGA § 24-4-8; Williams v. State, 272 Ga. 828(1), 537 S.E.2d 39 (2000) (eyewitness testimony sufficient to sustain conviction).
[23] One piece of circumstantial evidence supported venue in Walker v. State, 268 Ga.App. 669, 602 S.E.2d 351 (2004).
[24] Supra at 901-902(2), 537 S.E.2d 80.