A10A2303. POWERS v. THE STATE.

(709 SE2d 821)

ADAMS, Judge.

Stephen Powers was charged with three counts of aggravated child molestation. The trial court directed a verdict on Count 3, and the jury convicted Powers on Count 1 and found him not guilty on Count 2. Powers appeals following the denial of his motion for new trial, arguing that the State failed to prove venue and that his trial counsel was ineffective. We agree that the State failed to prove venue beyond a reasonable doubt, and that his conviction must be reversed.

1. Powers argues that the State failed to prove venue was proper in Cherokee County, the county where he was tried.

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. . . . The State may establish venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence.

(Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900,

901-903 (2) (537 SE2d 80) (2000). *Graham v. State*, 275 Ga. 290, 292 (2) (565 SE2d 467) (2002).

The evidence pertinent to this issue shows that the molestation occurred at the victim's home, where he lived with his mother, his sister and Powers, who is his biological father. According to the mother's testimony, their address was 3760 Creekmore Street in Canton, Georgia. During his videotaped interview with police, which was played for the jury, Powers also stated he lived at this address.

The mother testified that she spoke with an investigator with the Cherokee County Sheriff's Department, and that investigator testified that she became involved in the case after she received a referral from the Department of Family and Children Services. The investigator did not identify the particular DFCS office that sent the referral, and when the mother was questioned whether she met with anyone from the Cherokee County DFCS she responded that she met with a social worker at the children's hospital where she took the victim to be examined, but that she did not know her affiliation. She also testified that a person from DFCS came to the hotel where she was staying with the children after she moved out of the family home, but she did not identify which DFCS. The children's hospital was located near Northside Hospital off I-285, Meridian Drive, and the hotel was located in Roswell "off of 92." Lastly, an employee of Sawnee EMC testified that the company performed work at 3760 Creek*view* in Canton, Georgia, at a time that corresponded to one of the victim's outcries in which he stated to his mother that his father molested him while some diesel trucks were outside. That worker also testified that the company, which is located in Cumming, Georgia, serviced parts or portions of Cherokee County.

The direct evidence of venue in this case was that the molestation occurred at the victim's residence, and that the residence was located on a specific street in Canton, Georgia. "As the Supreme Court of Georgia has held, '(b)y long-standing precedent, proving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue.' . . . *Graham v. State*, 275 Ga. 290, 293 (2) (565 SE2d 467) (2002)." *Melton v. State*, 282 Ga. App. 685, 688 (1) (a) (639 SE2d 411) (2006). *Mock v. State*, 306 Ga. App. 93, 96-97 (701 SE2d 567) (2010). Similarly, "a street name, standing alone, is never sufficient to establish venue, because streets frequently run through more than one county." (Punctuation and footnote omitted.) *Mock*, 306 Ga. App. at 97 (1) (a). *Lynn v. State*, 275 Ga. 288, 289 (2) (565 SE2d 800) (2002). And the utility company employee's testimony did not constitute additional evidence concerning venue, since his testimony was that the company performed service at 3760 Creek*view* and the victims's residence was located at 3760 Creek*more* Drive. Further he did not testify that this address

was located in Cherokee County, only that Sawnee EMC serviced portions of Cherokee County.

The only other evidence concerning venue was that, based on a referral from an unspecified DFCS, a detective with the Cherokee County Sheriff's Department investigated the case.[1] But as we have stated on numerous occasions, "the investigating officers' county of employment does not, in and of itself, constitute sufficient proof of venue to meet the beyond a reasonable doubt standard." Thus, because the only evidence of venue is the officers' county of employment, the record before us does not authorize a finding that the State proved beyond a reasonable doubt that the [aggravated child molestation] occurred in [Cherokee] County."[2] (Punctuation omitted.) *Mock*, 306 Ga. App. at 97 (1) (a). *In the Interest of B. R.*, 289 Ga. App. 6, 9-10 (2) (656 SE2d 172) (2007) (explaining *Thompson v. State*, 277 Ga. 102, 104 (3) (586 SE2d 231) (2003)).

However, because the evidence of the crime was otherwise sufficient, Powers may be retried. *Mock*, 306 Ga. App. at 97 (1) (b).

2. In light of our holding in Division 1, it is unnecessary for us to consider Powers's remaining enumerations of error challenging the effectiveness of his trial counsel.

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

DECIDED MARCH 9, 2011 —
RECONSIDERATION DENIED APRIL 11, 2011 — 

*Brian Steel*, for appellant.
*Garry T. Moss, District Attorney, Wallace W. Rogers, Jr., Cliff Head, Assistant District Attorneys*, for appellee.

---

[1] The officer testified that she never visited the residence.

[2] The State's brief contains an informative analysis of early Supreme Court of Georgia cases on proof of venue, as well as an analysis of proof of venue rules applicable in other states. However, we believe our outcome in this case is in accord with the binding precedent of both this Court and our Supreme Court. Moreover, although the State expresses some frustration with the evolution of the law in this area, our appellate courts have likewise repeatedly expressed frustration with the state's failure to prove venue since it seems to us in many instances, and especially in cases such as this one where direct evidence of venue was readily available and there was no dispute about the location of the crime, that "[p]roving venue is a simple exercise that generally requires the asking of one question." *Chapman v. State*, 275 Ga. 314, 317 (4), n. 4 (565 SE2d 442) (2002). E.g., *Lynn v. State*, 275 Ga. 288, 289-290 (3) (565 SE2d 800) (2002); *In the Interest of B. R.*, 289 Ga. App. 6, 10 (656 SE2d 172) (2007) (Blackburn, P. J., Smith, P. J., and Miller, J., concurring fully and specially).