## S10A1992. THOMPSON v. BROWN.

(708 SE2d 270)

NAHMIAS, Justice.

In 2004, Willie Brown was convicted in Toombs County of two counts of selling cocaine to an informant, with one sale occurring on November 14, 2002, and the other occurring on December 5, 2002. The Court of Appeals affirmed Brown's convictions, for which he had obtained new counsel. See *Brown v. State*, 274 Ga. App. 302 (617 SE2d 227) (2005). In 2009, Brown filed this habeas corpus petition, raising numerous allegations of ineffective assistance of appellate counsel. The habeas court granted relief on three grounds, and Warden Dannie Thompson appeals. We affirm on the ground that Brown's appellate counsel was constitutionally ineffective for failing to raise on appeal the meritorious claim that the State failed to prove venue at Brown's trial.

To prevail on a claim of ineffective assistance of appellate counsel, a habeas petitioner must show that his appellate counsel was deficient in failing to raise an issue on appeal and that, if counsel had raised that issue, there is a reasonable probability that the outcome of the appeal would have been different. See *Brown v. Baskin*, 286 Ga. 681, 684 (690 SE2d 822) (2010); *Nelson v. Hall*, 275 Ga. 792, 793 (573 SE2d 42) (2002). Here, the warden contends that appellate counsel was not ineffective, because the trial record shows that the State did sufficiently prove venue. We disagree.

The Georgia Constitution requires that "all criminal cases shall be tried in the county where the crime was committed . . . ." Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. We have therefore held that "venue is a jurisdictional element of every crime" that the State must prove beyond a reasonable doubt. *State v. Dixon*, 286 Ga. 706, 707 (691 SE2d 207) (2010).

In this case, the evidence presented at trial showed that Brown made both drug sales to an informant cooperating with a multijurisdictional drug task force. The informant testified that the November 14 sale occurred at some point while he and Brown were driving from Brown's residence to a store, both of which are located in Vidalia, Georgia. The December 5 sale occurred while they were driving from another store in Vidalia to Brown's residence. Testimony from drug task force agents working with the informant established that they constantly surveilled the informant while he was driving with Brown, but that they did not witness the drug sales. Like the informant, the agents identified various stores and locations as being in Vidalia, but no witness testified that the entire driving route (or any location except Brown's residence) was in Toombs County.

The habeas court properly took judicial notice that Vidalia is

located in two different counties, Toombs and Montgomery. See *Collins v. State*, 172 Ga. App. 100 (321 SE2d 823) (1984) (noting that the District Attorney in that case conceded that the "City of Vidalia is located in portions of two different counties"); *Graham v. State*, 275 Ga. 290, 292-293 (565 SE2d 467) (2002) (explaining that a court is "authorized to judicially notice the 'local divisions of our own state,'" including cities (citation omitted)). Accordingly, the evidence that the drugs sales occurred somewhere in Vidalia is insufficient to establish that the crimes occurred in Toombs County.

Relying exclusively on OCGA § 17-2-2 (e), the warden nevertheless argues that venue was proven beyond a reasonable doubt. Subsection (e) provides that

> [i]f a crime is committed upon any railroad car, vehicle, watercraft, or aircraft traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the railroad car, vehicle, watercraft, or aircraft has traveled.

The trial court did not specifically charge the jury on venue, much less that the jury could find venue based on OCGA § 17-2-2 (e), and the warden did not argue the statute before the habeas court. This argument therefore was not properly raised at trial or preserved below.

Moreover, even assuming that it is appropriate for us to review subsection (e)'s application to this case, it would be of no help to the warden. OCGA § 17-2-2 (e) applies only when "it cannot readily be determined in which county the crime was committed." Here, because the informant would have known the general locations where the two sales occurred and because the agents knew the exact route that the informant and Brown traveled, the State could have readily determined whether the drug sales occurred in Toombs County and offered evidence to the jury on that essential point. See *Rogers v. State*, 298 Ga. App. 895, 899 (681 SE2d 693) (2009) (holding that OCGA § 17-2-2 (e) was inapplicable "because the State could have readily determined where the crime was committed"). OCGA § 17-2-2 (e) is therefore inapplicable to this case.

The only other potential venue evidence in the record relates to the agents who followed the informant and Brown during the drives on which the drugs were sold. However, there was no evidence that the agents, who were part of a multi-jurisdictional task force, were limited to acting within Toombs County. Thus, we cannot apply the rationale of *Chapman v. State*, 275 Ga. 314 (565 SE2d 442) (2002),

where we held that testimony by a City of Atlanta police officer that he responded to the crime scene and was authorized to act only in the Fulton County part of Atlanta was some evidence that the crime occurred in that county. See id. at 317-318. Moreover, even if the agents' authority was limited to Toombs County, they did not exercise any police power, during the time in which the drug sales were made, that was required to be limited to their territorial jurisdiction, unlike the officer in *Chapman* who responded to and investigated a crime scene. Instead, the agents were simply watching the informant and Brown as they drove, and in doing so, the agents would have been authorized to follow them across county lines.

Having reviewed the trial transcript in the light most favorable to the jury's verdict, we conclude that the State failed to prove venue beyond a reasonable doubt. See *Jones v. State*, 272 Ga. 900, 903 (537 SE2d 80) (2000) (reversing murder conviction because the State failed to prove venue beyond a reasonable doubt). It follows that Brown's appellate counsel provided professionally deficient performance in failing to raise this meritorious issue on appeal and that Brown was prejudiced thereby. See *Brown v. Baskin*, 286 Ga. at 684. Accordingly, we affirm the habeas court's grant of relief to Brown. This holding makes it unnecessary to address the other two grounds for relief found by the habeas court. We note that this disposition does not raise double jeopardy concerns and therefore does not prevent the State from trying Brown again if it so chooses. See *Jones*, 272 Ga. at 904.

We understand that all the participants in Brown's trial — the members of the jury, the judge, the prosecutor, defense counsel, and Brown himself — may have known from their daily lives in and around Toombs County that the entire route driven by Brown and the informant was in the part of Vidalia that lies in that county, making venue over the drug sales seem obvious to them. Nevertheless, that fact is not established by the trial record, and defendants may not be convicted of crimes based on extra-judicial knowledge rather than evidence of such essential facts admitted at trial. We have noted before that, "[i]n light of the ease with which venue [generally] can be proved, it is difficult to understand why the appellate courts are repeatedly faced with this issue." *Chapman*, 275 Ga. at 317, n. 4. Nevertheless, like the Court of Appeals, we continue to see cases like this one in which venue becomes a serious issue on appeal, apparently unnecessarily.

> One way to encourage prosecutors to make sure they have proven venue and to alert the juries to their role in determining venue is to instruct juries that they must find venue beyond a reasonable doubt. Accordingly, this Court

strongly urges trial courts to begin giving an appropriate charge on venue tailored to the facts of the case.

*Lynn v. State*, 275 Ga. 288, 290 (565 SE2d 800) (2002). We again strongly urge trial courts to give appropriate charges on venue, and we also urge prosecutors to make sure that they do not overlook this essential part of their cases. See *In the Interest of B. R.*, 289 Ga. App. 6, 10 (656 SE2d 172) (2007) (Miller, J., concurring); id. at 12 (Mikell, J., concurring in part and dissenting in part).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 2011.

*Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Elizabeth A. Harris*, Assistant Attorney General, for appellant.

*Zell & Zell, Rodney S. Zell*, for appellee.