## S11G1407. THE STATE v. PRESCOTT.
### (722 SE2d 738)

THOMPSON, Justice.

We granted a writ of certiorari to the Court of Appeals in *Prescott v. State*, 309 Ga. App. 541 (710 SE2d 672) (2011), to determine whether the State failed to prove venue in this child molestation

case. Because we find the evidence, albeit circumstantial, sufficient to prove venue beyond a reasonable doubt, we reverse.

Appellee Prescott was convicted of child molestation based on an incident that occurred in a restroom at Screven County High School. During the trial, the State failed to introduce any direct evidence that the crime occurred in Screven County. Appellee appealed his conviction, and the Court of Appeals reversed. Relying primarily upon this Court's holding in *Thompson v. Brown*, 288 Ga. 855 (708 SE2d 270) (2011), the Court of Appeals concluded that, in the absence of evidence that Screven County High School is located in Screven County, evidence of venue was lacking.

In *Thompson*, this Court questioned whether evidence that a crime occurred in the City of Vidalia was sufficient to prove venue in Toombs County. Noting that Vidalia is situated in both Toombs County and Montgomery County, we concluded that proof of venue was insufficient. Unlike *Thompson* and other cases in which the State proved that a crime was committed in a city which was located in more than one county,[1] or that the State proved that a crime was committed in a city without showing that the city is situated entirely in a county,[2] the venue question in this case focuses on whether a factfinder can infer that a crime which was committed in the Screven County High School actually took place in Screven County. We think such an inference is reasonable in this case. Nevertheless, we take this opportunity to reiterate that venue must be proved beyond a reasonable doubt and that prosecutors must commit themselves to doing so.

In addition to the inference raised by the fact that the crime took place in the county high school, other facts establish the presence of venue in Screven County. The crime was investigated by a school resource officer who was an employee of the Screven County Sheriff's Office. See *Chapman v. State*, 275 Ga. 314, 317 (565 SE2d 442) (2002) (public employees are assumed to be acting properly within their jurisdiction). Compare *In the Interest of B. R.*, 289 Ga. App. 6, 8-9 (2) (656 SE2d 172) (2007) (county of employment of investigating officer *alone* is insufficient to prove venue). Moreover, Screven County Sheriff's Office forms were used for *Miranda* waiver purposes. See *Kimble v. State*, 301 Ga. App. 237, 241 (687 SE2d 242) (2009) (search warrant is evidence of venue). In light of the inference

---

[1] See, e.g., *Jones v. State*, 272 Ga. 900, 901-902 (537 SE2d 80) (2000) (evidence that Atlanta police officers investigated crime was insufficient to prove venue in Fulton County because officers patrolled in both Fulton and DeKalb Counties).

[2] See, e.g., *Graham v. State*, 275 Ga. 290, 293 (2) (565 SE2d 467) (2002) ("proving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue").

and these additional facts, we conclude the State proved venue in Screven County beyond a reasonable doubt. Compare *Brinson v. State*, 289 Ga. 150, 152 (2) (709 SE2d 789) (2011) (State proved venue in Effingham County by showing Effingham County EMS was dispatched to defendant's residence (the scene of the crime), the victim's physician reported the crime to the Effingham County Sheriff's Office based on defendant's address, and the arrest warrant showed defendant lived in Effingham County) with *In the Interest of A. C.*, 263 Ga. App. 44, 45 (587 SE2d 210) (2003) (adjudication of delinquency reversed where State failed to prove venue and juvenile court did not take judicial notice that Upson-Lee High School was in Upson County).

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 6, 2012.

*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellant.

*William D. Hoffer, Stuart H. Hunter Patray, Robert L. Persse*, for appellee.