A11A1614. BOYD v. THE STATE.
(726 SE2d 135)

DOYLE, Presiding Judge.

Following a bench trial, Toddric Jamel Boyd appeals from his conviction of contributing to the delinquency of a minor while drinking beer with a 16-year-old friend in a park.[1] Boyd contends that there was insufficient evidence to support the guilty verdict, both as to the offense itself and as to venue. For the reasons that follow, we affirm.

When an appellate court reviews the sufficiency of the evidence,

> the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[2]

So viewed, the evidence shows that an officer received a call from

---

[1] OCGA § 16-12-1 (b) (1).

[2] (Citation omitted; emphasis in original.) *Jackson v. Virginia,* 443 U. S. 307, 319 (III) (B)

dispatch reporting three young males drinking beer in an elementary school park late one September afternoon. The officer drove to the location and saw the three young men sitting on a bench: Boyd and Shannon Owens, who were both at least 21 years old, and 16-year-old A. K. The three males saw the officer drive up, and the officer briefly drove away to see if they would leave the area. When they did not, the officer returned and saw A. K. reach below the bench into a black plastic bag that the officer later determined contained six empty beer cans and six full beer cans. The officer approached the three young men and noticed the smell of alcohol coming from each of them. The officer asked them for identification and learned that A. K. was under the age for legal alcohol possession.[3] The officer asked A. K. to blow into an alco-sensor, and A. K. complied, registering a 0.025 reading. Boyd explained that they had walked down to the park together from Owens's nearby house, so they could "hang out" at the park. Shortly thereafter, the officer arrested Boyd and Owens and returned A. K. to the custody of his parents.

Boyd was indicted for one count of contributing to the delinquency of a minor, and following a bench trial, he was found guilty by the trial court and sentenced to twelve months of probation and a $250 fine. He now appeals.

1. Boyd contends that the evidence failed to support a finding that he committed the offense because, he argues, the evidence did not show anything other than he was in A. K.'s presence while A. K. drank beer. OCGA § 16-12-1 (b) (1) provides, in relevant part, that "[a] person commits the offense of contributing to the delinquency . . . of a minor when such person . . . [k]nowingly and willfully encourages, causes, abets, *connives*, or aids a minor in committing a delinquent act."[4] A "delinquent act" includes "[a]n act designated a crime by the laws of this state,"[5] such as possession of alcohol by a minor.[6] The term "connive" is not defined in the statute, but its usage here is plain and unambiguous. Black's Law Dictionary defines the term to mean, in part, "[t]o knowingly overlook another's wrongdoing,"[7] and Webster's dictionary defines the word to mean, in part, to "fail to take action against a known wrongdoing or misbehavior . . . [or] to be . . . secretly in favor or sympathy."[8]

---

(99 SC 2781, 61 LE2d 560) (1979).

[3] See OCGA § 3-3-23 (a) (2) (no person under the age of 21 shall knowingly possess any alcoholic beverage).

[4] (Emphasis supplied.)

[5] See OCGA §§ 16-12-1 (a) (1); 15-11-2 (6).

[6] See OCGA § 3-3-23 (a) (2).

[7] Black's Law Dictionary 344 (9th ed. 2009).

[8] Webster's Third New International Dictionary 481 (1981). See generally OCGA § 1-3-1

Here, the evidence included testimony by the officer that A. K. registered positive on an alco-sensor and that A. K. was reaching into the bag containing the beer as he sat on a park bench with Boyd, whose breath also smelled of alcohol. Boyd conceded at trial that he saw A. K. drink beer at the park. Further, the officer testified that Boyd explained to him that the three young men had been at Owens's house and walked together to the park, where the beer was consumed. This evidence supports an inference that Boyd went with A. K. to the park, where they would be unsupervised, for the purpose of drinking beer together. Although there is no evidence as to who actually provided the beer to A. K., we conclude that Boyd's conduct in this case rose at least to the level of conniving A. K.'s possession and consumption of alcohol. While we are mindful that mere presence at the scene of a crime generally is not sufficient to demonstrate criminal conduct,[9] the facts of this case support an inference that Boyd actively participated in the connivance. Therefore, the evidence was sufficient to support Boyd's conviction of contributing to the delinquency of a minor.[10]

2. Boyd also challenges the sufficiency of the evidence showing that venue was proper in Cobb County, where he was tried. In every criminal case, "venue must be proved beyond a reasonable doubt and . . . prosecutors must commit themselves to doing so."[11] As pointed out by Boyd, there was no clear direct testimony that the offense was committed in Cobb County. Nevertheless, there was testimony by the officer that Boyd had told him "that [A. K.] had just been in Cobb County for an hour, and they had left the other gentleman's house and walked down to the park together to spend time together." While somewhat vague, this testimony supports a finding that A. K. had been in the *present* county, Cobb County, for an hour when the officer confronted them. Further, the arresting officer was on duty for the Cobb County Police Department when he received the call from dispatch to investigate the park. This evidence, when taken together and construed in favor of the verdict, was

---

(b) ("In all interpretations of statutes, the ordinary signification shall be applied to all words, except words of art or words connected with a particular trade or subject matter, which shall have the signification attached to them by experts in such trade or with reference to such subject matter."); *Tatis v. State*, 289 Ga. 811, 813 (716 SE2d 203) (2011) (relying on Black's Law Dictionary and Webster's Third International Dictionary to interpret unambiguous words in a statute).

[9] See generally *Navarrete v. State*, 283 Ga. 156, 158 (1) (656 SE2d 814) (2008).

[10] See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004) ("As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.").

[11] *State v. Prescott*, 290 Ga. 528 (722 SE2d 738) (2012).

sufficient to prove that venue was proper in Cobb County.[12]
*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

DECIDED MARCH 19, 2012.

H. *Maddox Kilgore, Carlos J. Rodriguez*, for appellant.
*Barry E. Morgan, Solicitor-General, Jeffrey P. Kwiatkowski, Assistant Solicitor-General*, for appellee.

---

[12] See id. at 529 (the fact that investigating officer was an employee of the Screven County Sheriff's Office was, in part, evidence that the offense took place in Screven County); *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002) (public employees are assumed to be acting within their proper jurisdiction). Compare *In the Interest of B. R.*, 289 Ga. App. 6, 8-9 (2) (656 SE2d 172) (2007) (county of employment of investigating officer is not *alone* sufficient to prove venue).