**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A2176. STOCKARD v. THE STATE.

RAY, Judge.

After a jury trial, Carlos Alan Stockard was convicted of making a false statement (OCGA § 16-10-20).[1] Stockard appeals from the denial of his motion for new trial, arguing that the evidence is insufficient to sustain his conviction because the State failed to prove venue. For the reasons that follow, we agree and reverse.

Generally, "all criminal cases shall be tried in the county where the crime was committed[.]" Ga. Const. of 1983, Art. VI, Sec. II, Para. VI.

> The standard for review of the sufficiency of the evidence to support a criminal conviction is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have

---

[1] The jury found Stockard not guilty of malice murder, felony murder, armed robbery, aggravated assault, and criminal conspiracy.

found the essential elements of the crime beyond a reasonable doubt. The review of the sufficiency of the evidence to support venue is no different because venue is an essential element that must be proven beyond a reasonable doubt in every criminal trial. In considering this standard, [the Supreme Court] and the Court of Appeals have consistently stated that the evidentiary review is limited to the evidence actually presented to the jury.

(Citation omitted.) *McKinney v. State*, 294 Ga. App. 366, 366-367 (670 SE2d 147) (2008). "[V]enue is a question for the jury, and its decision will not be set aside if there is any evidence to support it." (Punctuation and footnote omitted.) *Leftwich v. State*, 299 Ga. App. 392, 399 (4) (682 SE2d 614) (2009). The State may use both direct and circumstantial evidence to prove venue. *Payne v. State*, 290 Ga. App. 589, 590 (2) (660 SE2d 405) (2008).

The evidence shows that the State called William Presnell, an investigator with the DeKalb County District Attorney's Office, to testify at trial. Presnell testified that he and another investigator went to the "DeKalb jail" to interview Stockard and picked him up in a police vehicle from the sally port at the back of the jail. Specifically, he testified in response to questions about why two investigators handled the interview that it was a safety issue because, "[w]e're interviewing *at the jail*. We actually leave the sally port area. So we leave the jail at some point, and, you

2

know, [it is] just policy, you're not supposed to be driving a suspect around in your car by yourself." (Emphasis supplied.)

In addition to part of the interview occurring at the jail, some portion of the interview, which involved questions related to the death of LaTroy McIntosh, was conducted in the police vehicle as it was driven around. During the interview, an audio recording of which was played for the jury,[2] Stockard initially stated that he was spending the night with a woman and was not at the apartment complex when the murder for which he was subsequently indicted took place. However, later on in the interview, he admitted that he was in the vehicle with two co-defendants when they drove to the apartment complex where the murder occurred and that he was present at the time of the shooting. He admitted that he heard gunshots while he was outside the vehicle, urinating. These contradictory statements were the basis for the false statement count in the indictment.

1. Stockard has not challenged the sufficiency of the evidence apart from his allegation regarding venue. As a result, no issue concerning the sufficiency of the evidence to prove the crime of false statement is before us. Nonetheless, we find the

---

[2] Because the audio recording of this interview is in the record before us, Stockard's motion to supplement the record with this exhibit is moot.

3

evidence sufficient to sustain his conviction. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); see *Payne*, supra at 589 (1).

2. Stockard asserts that the State failed to prove venue. He argues that the State offered no proof that the DeKalb County Jail or the sally port are located in DeKalb County. He also argues that part of the interview took place while investigators were driving Stockard around and that there is no evidence as to whether they remained in DeKalb County as they drove, and thus, that the false statement may have been made in another venue. We agree that the State failed to prove venue.

The State may indeed be able to show circumstantially that the DeKalb County Jail is in DeKalb County. In *State v. Prescott*, 290 Ga. 528, 529 (722 SE2d 738) (2012), our Supreme Court found the evidence sufficient to prove venue even where the State failed to offer direct evidence that the crime occurred in a certain county. In *Prescott*, the Court found that the jury could infer in which county the crime occurred because the crime took place at a county high school, was investigated by a school resource officer employed by the county sheriff's office, and county sheriff's office forms were used for *Miranda*[3] waiver purposes. Id.

---

[3] *Miranda v. Arizona*, 384 US 436 (86 SCt 1602, 16 LE2d 694) (1966).

4

Similar elements of circumstantial evidence are present in the instant case. We cannot say that a factfinder's inference that the DeKalb jail is in DeKalb County is unreasonable. *Prescott*, supra. Further, we have considered the county where a defendant is incarcerated as an element of proof of venue, and here, Stockard had been arrested and was being held at the DeKalb County Jail. See *Scott v. State*, 302 Ga. App. 111, 112 (1) (a) (690 SE2d 242) (2010) (evidence of venue sufficient where, inter alia, defendants were incarcerated in the Jackson County jail, a Jackson county paramedic responded to the crime scene, and a Jackson County officer responded to a "be on the lookout" for a certain vehicle).

However, even if the interview began in DeKalb County, we do not know what county Stockard was in when he made the false statements. The audio recording of the interview indicates that Stockard made his initial false statement between 8 and 10 minutes after the recording began, and told the investigators the truth as to his whereabouts between 16 and 37 minutes after the recording began. There is no way to tell from the audio recording where the vehicle was when Stockard made the false statements.

As the State points out in its appellate brief, OCGA § 17-2-2 (e) provides that if a crime is committed in a car traveling within the state, and "it *cannot readily be*

5

*determined* in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the . . . vehicle . . . has traveled." (Emphasis supplied.) OCGA § 17-2-2 (h) provides that where "it *cannot* be determined in what county a crime was committed" there is proper venue "in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." (Emphasis supplied.) Our Supreme Court found in *Bundren v. State*, 247 Ga. 180, 181 (1) (274 SE2d 455) (1981) that this Code section offers "a mechanism" by which the constitutional mandate that criminal trials be held in the county where the crime was committed "can be carried out when the place in which the crime is committed *cannot* be determined with certainty." (Emphasis supplied.)

Here, because the State made no attempt to elicit evidence as to where the crime occurred, we are unable to say that the county in which the crime committed "*cannot* be determined" or "cannot *readily* be determined."[4] In this case, the investigators may well have known which county or counties Tiller was in when he

___

[4] "[O]ur appellate courts have . . . repeatedly expressed frustration with the [S]tate's failure to prove venue since it seems to us in many instances . . . that proving venue is a simple exercise that generally requires the asking of one question." (Citations and punctuation omitted.) *Powers v. State*, 309 Ga. App. 262, 264 (1), n. 2 (709 SE2d 821) (2011).

made the false statements, but they were never asked to identify any locale. The evidence did not establish that it would have been difficult to determine where the crime was committed, or, necessarily, that the crime could have been committed in more than one county. The State simply failed to present any evidence about counties except that the interview began at the sally port of the DeKalb County Jail.

Absent any attempt by the State to question the investigators on this issue, there is no way to know what could have been determined as to venue. The law is abundantly clear that "[v]enue is a jurisdictional element of every crime and *the State has the burden of proving venue* beyond a reasonable doubt." (Citation omitted; emphasis supplied.) *Bulloch v. State*, 293 Ga. 179, 187 (4) (744 SE2d 763) (2013). If we were to affirm the trial court in this instance, given the lack of effort on the part of the State to elicit any information as to venue, then we would be removing from the State its mandated burden. Any time a crime occurred in a vehicle traveling through Georgia, the State would be absolved of the burden of proving venue; further, it would not even need to attempt to prove venue.

This situation would require a different analysis had the State propounded questions on the issue that the investigators were actually *unable* to answer or if, despite questioning by the State, some factor prevented the witness from knowing the

7

location where a crime occurred. Compare *Prudhomme v. State*, 285 Ga. App. 662, 664 (647 SE2d 343) (2007) (evidence of venue sufficient where *five- or six-year-old* victim was molested in vehicle "approximately one mile away from [her] Gordon County residence"); *Harris v. State*, 279 Ga. App. 570, 573 (2) (631 SE2d 772) (2006) (evidence of venue sufficient where *seven-year-old* was the subject of aggravated sexual battery while traveling in truck between her Cobb County home and a bus stop in an unidentified area); *Leftwich*, supra at 393, 399 (4) (rape victim abducted from Lenox Square Mall, "blinded with a pair of gold sunglasses with painted-over lenses" and driven to an unknown location where crime occurred).

Here, the indictment specifically charged Stockard with committing the crime of making false statements in DeKalb County. Because the State failed to meet its burden, evidence of venue is insufficient. See *Rogers v. State*, 298 Ga. App. 895, 898-899 (3) (c) (681 SE2d 693) (2009) (proof of venue in Rockdale County insufficient under OCGA § 17-2-2 (e) where defendant made phone calls to informant in unknown location while traveling from Cobb or Rockdale County to deliver drugs to Newton County because "the State could have readily determined where the crime was committed [as] [t]he record shows that members of the drug task force knew the location of the informant during her phone calls with [defendant]").

8

We note that because our reversal is based solely on a determination of insufficient evidence of venue, the State is not barred by the double jeopardy clause from retrying Tiller, so long as venue is properly established on retrial. Id. at 899 (3) (c), n. 9.

*Judgment reversed. Barnes, P. J., and Miller, J., concur.*

April 14, 2014

**ON MOTION FOR RECONSIDERATION**

The State essentially raises an admission in judicio argument on motion for reconsideration. Citing two sentences in Stockard's appellate brief – absent any context – the State contends that because "*all parties agreed* that the false statements were made while [Stockard] was in the sally port at [the] DeKalb County [J]ail" (emphasis supplied), this Court erred in determining that venue had not been proven because it "fail[ed] to properly defer to factual findings at the trial level."[1] While it is possible to make an admission in judicio in an appellate brief, see generally *State v. Griffin*, 204 Ga. App. 459, 459 (419 SE2d 528) (1992), the State's contentions here are, respectively, disingenous and incorrect.

To support its contention that Stockard "agreed" that he made the false statements at the sally port of the DeKalb County Jail, and thus that there is no dispute that venue is proper in DeKalb County, the State first cites this sentence from Stockard's appellate brief: "Arguably, the only definite testimony regarding the location of where the false statement occurred was the sally port[.]" However, the

---

[1] On appeal, we look at all evidence properly before the jury in the light most favorable to the verdict. In the instant case, that evidence includes the tape recording of the investigators' interview with Stockard during which he made the statements at issue.

immediately preceding sentence in Stockard's appellate brief reads, "The problem here is *the State failed to establish where the false statements were made, i.e., inside the jail, inside the vehicle while parked at the jail, or while the vehicle was traveling.*" (Emphasis supplied.) Stockard's appellate brief goes on to argue, "The State only established that . . . [the] investigators with the DeKalb County District Attorney's Office[] picked up Stockard from the sally port and interviewed him inside their vehicle. *This evidence does not establish whether they left the sally port before or after the false statement was made*[.]" (Emphasis supplied.)

The State also cites another sentence from Stockard's appellate brief: "It appears Stockard had already given the false statement while still at the sally port, prior to the investigators driving around." Again, taken in context, this statement appeared immediately prior to the following sentences in Stockard's appellate brief:

> Once they left the sally port, the investigators drove Stockard around without stopping for over 30 minutes. . . . The burden is on the State to prove beyond a reasonable doubt that Stockard made false statements in DeKalb County. *The State introduced no evidence showing the location of the jail, sally port, or vehicle when the crime took place.* To satisfy its burden, *the State was obligated to prove that the jail, the sally port, and/or vehicle were located in DeKalb County when the false statements were made.*

(Emphasis supplied.)

Here, Stockard's arguments on appeal and in other pleadings below clearly

contradict the contention that he "agreed" that the false statements were made at the sally port of the DeKalb County Jail. See *Morgan v. Morgan*, 148 Ga. 625 (97 SE2d 675) (1918) (alleged admissions in judicio are construed in light of other pleadings filed by party).

Further, at trial, a recording of the investigators' interview with Stockard was played for the jury, which of course was perfectly capable of determining, based on what it heard, at what point in time after the start of the recording Stockard made the statements at issue. It is undisputed that Stockard made the statements some minutes after the investigators began recording the conversation – approximately between 8 and 10 minutes later, according to the audio recording in the record before us. No evidence was presented as to whether the vehicle was in motion or where the vehicle was when the investigators began recording the conversation. No evidence was presented as to where the vehicle was when Stockard made the false statements. Here, the recording and resulting transcript only show that one of the investigators initially noted that they were at the sally port; some minutes later, Stockard made the statements at issue.

Given this, the statements in Stockard's appellate brief cited by the State – which begin, we note, with the conditional language of "[a]rguably" and "[i]t appears" – would be merely expressions of opinion as to the facts. See *Flynn v. Mack*, 259 Ga. App. 882, 884 (1), n. 1 (578 SE2d 488) (2003) (admissions in judicio apply

only to actual admissions of fact, not where the admission is merely the opinion or conclusion of the appellant). See also *Space Leasing Assocs. v. Atlantic Bldg. Systems, Inc.*, 144 Ga. App. 320, 326 (4) (241 SE2d 438) (1977).

We cannot agree with the State's argument that, essentially, Stockard has on appeal admitted in judicio to a fact not proven at trial. The motion for reconsideration is denied.